**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MELVIN LEROY TYLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01502-PLC |
| | ) | |
| CHRIS BREWER | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Melvin Leroy Tyler, a self-represented prisoner at Crossroads Correctional Center in Cameron, Missouri, seeks habeas relief under 28 U.S.C. § 2254 (Doc. 1) and moves for leave to proceed *in forma pauperis* (Doc. 2). Tyler challenges his 1977 conviction in the Circuit Court of the City of St. Louis. He asserts that because the trial judge did not sign the criminal judgment, the judgment is "void" in violation of the Fifth, Sixth, and Fourteenth Amendments. For the reasons below, the Court dismisses the petition without prejudice.

## I. Standard

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to examine a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II. Discussion

### A. No cognizable federal habeas claim

A federal court may grant habeas relief under section 2254 only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief "does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S.

62, 67 (1991) (citation omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68.

Tyler's petition raises a question of Missouri procedural law: whether Missouri requires a judge's signature on a criminal judgment and what consequence flows from its absence. Tyler invokes the Fifth, Sixth, and Fourteenth Amendments, but labeling a state-law argument with federal constitutional provisions does not create a federal claim. *See id.* at 67. Tyler does not allege a constitutional defect in his jury trial, insufficient evidence, ineffective counsel, or lack of jurisdiction. He alleges only a state-law procedural defect in the form of his written judgment. The Missouri courts have already considered and rejected this theory on direct appeal. *See* (Doc. 1 at 2–4). Because Tyler does not allege facts establishing a violation of the Constitution, laws, or treaties of the United States, his petition fails to state a cognizable federal habeas claim.

**B. Successive petition**

Tyler's petition also constitutes an unauthorized successive petition. The docket reflects that Tyler has filed at least fourteen prior federal habeas cases. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive habeas application in the district court. The record does not reflect that Tyler obtained such authorization from the United States Court of Appeals for the Eighth Circuit. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (holding that the district court lacked jurisdiction to consider an unauthorized successive petition).

**C. Statute of limitations**

Additionally, Tyler's petition is untimely. Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Tyler challenges a 1977 conviction that became final decades before Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 on

April 24, 1996. *See* Pub. L. No. 104-132, 110 Stat. 1214. For convictions that became final before AEDPA's effective date, the one-year limitations period expired one year later on April 24, 1997. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). Tyler filed this petition on October 6, 2025—more than twenty-eight years after the limitations period expired. Nothing in Tyler's petition suggests a basis for tolling or a later-arising factual predicate under § 2244(d)(1)(D).

## III. Certificate of appealability

The Court declines to issue a certificate of appealability. To obtain a certificate of appealability, Tyler must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, no reasonable jurist would find the Court's disposition debatable.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Tyler's petition (Doc. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Tyler's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 28th day of August 2026.

John A. Ross

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE